UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIA TERESA VIVES,** <br> **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2080** |
| **CHILDREN'S HOSPITAL, INC.,** <br> **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is defendant Children's Hospital, Inc.'s ("Children's") Motion to Dismiss.[1]  For the reasons set forth below, the motion is denied.

## BACKGROUND AND PROCEDURAL HISTORY

This dispute arises out of plaintiff Maria Teresa Vives, MD's ("Dr. Vives") allegations of discrimination and harassment against Children's.  Dr. Vives is a current employee of Children's, and has worked there since 2000.

Before initiating this action, Dr. Vives completed an Equal Employment Opportunity Commission ("EEOC") Charge Questionnaire alleging discrimination and harassment by Children's on November 30, 2009, and Dr. Vives's formal EEOC charge against Children's, again alleging discrimination and harassment, was received by the EEOC on December 18, 2009.[2]  Children's claims it was notified of these allegations by the EEOC on December 22, 2009.[3]  After Dr. Vives supplied additional information to the EEOC on July 6, 2010, the EEOC issued Dr. Vives a right-to-sue ("RTS") letter on May 24, 2011.  On August 22, 2011,

---

[1] R. Doc. 12.

[2] *See* R. Doc. 1 (Dr. Vives' Complaint); R. Doc. 6 (Dr. Vives' Amended Complaint).

[3] R. Doc. 12-2.

1

Dr. Vives filed a Complaint with this Court, naming Tulane University as defendant in the caption of the Complaint, but naming Children's as defendant throughout the body of the Complaint. On August 29, 2011, Dr. Vives filed a motion to amend/correct her complaint, and on September 1, 2011, that motion was granted, and Dr. Vives' Amended Complaint, naming Children's as defendant in both the caption and the body of the Amended Complaint, was filed that day.[4] The Amended Complaint was mailed by certified mail to Children's' agent for service of process, Steve Worley ("Worley"), with a request for waiver of service, and Dr. Vives claims that Worley received the Amended Complaint on September 7, 2011, but refused to acknowledge it or waive service. Counsel for Dr. Vives apparently thought that formal service had been waived, and did not attempt to serve Children's again for several months.[5]

On January 5, 2012, Magistrate Judge Karen Wells Roby issued an Order to Show Cause to Dr. Vives, ordering her to show good cause why Children's had not yet been served, more than 120 days after the Amended Complaint against Children's was filed.[6] On January 25, 2012, Dr. Vives filed a response to the Order to Show Cause, informing the Court that on January 17, 2012, Worley was personally served, through a process server, with the Amended Complaint.[7] On January 27, 2012, Magistrate Judge Roby issued an Order stating

---

[4] *See* R. Doc. 4 (Dr. Vives' Motion to Amend/Correct Complaint); R. Doc. 5 (Order Granting Motion to Amend/Correct Complaint); R. Doc. 6 (Dr. Vives' Amended Complaint).

[5] *See* R. Doc. 15 (Dr. Vives' Opposition to the Motion to Dismiss).

[6] R. Doc. 11 (citing Fed. R. Civ. P. 4(m)).

[7] R. Doc. 10 (Dr. Vives' Response to Order to Show Cause); R. Doc. 9 (Returned Summons). Dr. Vives' response states that Worley was personally served on January 18, 2012, but the returned summons clearly states that he was personally served on January 17, 2012.

that Dr. Vives had satisfied the Order to Show Cause.[8] On February 7, 2012, Children's filed this Motion to Dismiss.

Children's argues that Dr. Vives' Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to timely serve the Amended Complaint in accordance with Rule 4 and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the Amended Complaint was also untimely under Title VII.

Dr. Vives contends that her Amended Complaint should not be dismissed for what she characterizes as curable technical defects and typographical errors. Dr. Vives does not dispute the fact that she was late in filing her Amended Complaint against Children's under Title VII, nor does she dispute the fact that she was late in serving that Amended Complaint on Children's under Rule 4(m); instead, she simply argues that her mistakes are not so egregious or outrageous that her Amended Complaint should be dismissed.

**ANALYSIS**

    I.    <u>The 12(b)(5) Motion to Dismiss for Failure to Timely Serve</u>

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Wallace v. St. Charles Parish Sch. Bd.*, 2005 WL 1155770, at *1 (E.D. La. 2005). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design,* 635 F.2d 434, 435 (5th Cir. 1981). The party responsible for serving has the burden

---

[8] R. Doc. 11.

3

of showing that service was valid in the face of a 12(b)(5) challenge. *Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Rule 4(m) provides in part:

If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, a Court faced with a defendant's Rule 12(b)(5) motion to dismiss for failure to timely serve must undertake a two part inquiry. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). First, the Court must determine if the plaintiff can show "good cause" for its failure to timely serve. If good cause exists, the Court is required to extend the 120 day window for service of process. *Id.* "If good cause does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id.* "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

The Court does not need to address whether Dr. Vives has demonstrated "good cause" for her failure to properly serve Children's within the 120 day window provided by Rule 4(m). Even assuming, for the sake of argument, that "good cause" did not exist for the untimely service, the Court has broad discretion in determining whether dismissal for failure to timely serve is warranted, and also whether to extend time for service. Magistrate Judge Roby's Order seems to be an exercise of the Court's discretion to extend the period for service beyond the normal 120 days. Service has been perfected in this case - albeit late - and the Court does not find that dismissal is warranted for the now-repaired defect in

4

service. The Court does not condone the actions of Dr. Vives' counsel, but recognizes that Dr. Vives herself did not cause the delay in service, that Children's would not be prejudiced in any meaningful way by allowing this late service to stand, and that there is no indication that the failure to timely serve was intentional. *See Millan v. USAA Gen. Indem. Co.*, 546 F. 3d 321, 326-27 (5th Cir. 2008). The Court will not dismiss Dr. Vives' Amended Complaint on the grounds that it was served outside of Rule 4(m)'s 120 day window.

> II.  The 12(b)(6) Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims if the plaintiff fails to set forth a factual allegation in support of her claim that would entitle her to relief (i.e. for "failure to state a claim"). *See, e.g. Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). Those factual allegations "must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir.2009) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In making this assessment, the Court will not look beyond the factual allegations in the pleadings, and the Court must accept all well-pleaded facts as true and construe the factual allegations in the complaint in the light most favorable to the plaintiff. *See, e.g. Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820

5

(5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

Under Title VII of the Civil Right Act of 1964, "[s]ection 2000e-5(f)(1) requires a civil action be commenced within ninety days after the plaintiff has received a right-to-sue notice from the EEOC." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (citing 42 U.S.C. § 2000e-5(f)(1)). The Fifth Circuit in *Harris* goes on to explain:

> The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations. *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). Thus, the ninety-day filing requirement is subject to equitable tolling. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 349 n. 3, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). We have previously stated that equitable tolling applies only in "rare and exceptional circumstances." [*Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)], (internal quotation marks and citation omitted). Courts have typically extended equitable tolling where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 & nn. 3–4, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); see *Teemac*, 298 F.3d at 457.

*Id*. Here, there is no question that Dr. Vives' Title VII civil action was not "commenced" against Children's until September 1, 2011, and even giving the plaintiff the benefit of the doubt as to the date she received her RTS letter from the EEOC, which was mailed on May 24, 2011, the formal commencement of the action against Children's is almost certainly outside of this 90 day window. *See Taylor v. Books a Million, Inc.*, 296 F.3d 376, 380 (5th Cir. 2002) (holding that when the actual receipt date of a RTS letter is not known, the Court can presume a receipt date of anywhere between three to seven days after the letter is mailed).

The Court is mindful of the fact that "[u]nder our system of representative litigation, each party is deemed bound by the acts of [her] lawyer-agent" and that "the principles of

6

equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Harris*, 628 F.3d at 240 (quoting *Irwin*, 498 U.S. at 92, 96). That said, dismissal in this instance would be an "extreme sanction," as it would effectively cut off Dr. Vives' ability to bring her suit altogether. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice.") (quoting *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir. 1981). The Court is persuaded by the fact that Dr. Vives did file a pleading within the 90 day window - albeit a defective one - and despite Children's' arguments to the contrary, this defective pleading does appear to be a simple mistake.

As with the issue of Dr. Vives' failure to timely serve her Amended Complaint, the Court is not condoning the actions of Dr. Vives' counsel, but given the exceptional circumstances presented here, the Court finds that equitable tolling of the ninety day window is appropriate. Dr. Vives' motion to amend her Complaint was filed on the ninety-eighth day after her RTS letter was mailed. Granting Dr. Vives the benefit of the Fifth Circuit's generous seven day "presumption of receipt" in *Taylor*, this would mean that Dr. Vives attempted to "commence" her action against Children's only one day outside of the statutory window prescribed by Title VII. The Court will not dismiss Dr. Vives' Amended Complaint for such a minor defect, even if it has the discretion to do so.

III.  Conclusion

Accordingly, **IT IS ORDERED** that the Motion to Dismiss be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Children's shall file an Answer to Dr. Vives'

Amended Complaint within **twenty-one (21) days** of the entry of this Order.

**New Orleans, Louisiana, this  6th  day of July, 2012.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**